IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JAMES WILLIAM WALKER, <br><br> Petitioner, <br><br> vs. <br><br> STATE OF MONTANA, <br><br> Respondent. | CV 23-00045-M-DLC-KLD <br><br><br> ORDER |

    James William Walker has filed a Petition for a Writ of Mandamus, asking this Court to "require the State of Montana, specifically the Legislature and the Judicial Branches of the State Government," to comply with Walker's understanding of federal law. (Doc. 2 at 1.) The petition will be dismissed.

    Walker is a state prisoner proceeding pro se and in forma pauperis. This petition raises the same legal issues that Walker proposed in one of his prior habeas petitions in this Court, whether the State of Montana has properly abolished the Writ of Error Coram Nobis, and whether the Montana Supreme Court has misapplied federal law. (Doc. 2 at 5. *See also Walker v. State of Montana*, CV 22-81-BU-BMM-JTJ.) Walker seeks a determination from this Court that the State of Montana is misapplying federal law, and a writ of mandate requiring it to comply. (Doc. 2 at 8.)

The court must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Walker's claim is frivolous, and the Court is without jurisdiction to hear it.

Walker cites the federal mandamus statute, the All Writs Act, as the source of this Court's authority to do what he asks. (Doc. 2 at 8 – 9.)  However, that statute applies only to *federal* officers and employees, not *state* officers and employees. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") A petition for a writ of mandamus "to compel a state court or official to take or refrain from some action is frivolous as a matter of law." *Demos v. U.S. District Court,* 925 F.2d 1160, 1161-62 (9th Cir. 1991); *Givens v. Los Angeles Cnty. Superior Ct.*, 163 F. App'x 514, 515 (9th Cir. 2006). In addition, the All Writs Act "does not operate to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists." *Malone v. Calderon,* 165 F.3d 1234, 1237 (9th Cir.1999). This Court is without jurisdiction to hear Walker's petition.

A prisoner seeking to challenge the fact or duration of his incarceration must do so by way of a petition for a writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Habeas corpus is Walker's exclusive federal remedy to challenge the legality or duration of his custody. *Young v. Kenny,* 907 F.2d 874, 876–78 (9th Cir.1990), *cert. denied,* 498 U.S. 1126 (1991). The Court will not construe Walker's petition for writ of mandate to be a petition for writ of habeas corpus because he specifically intended to file the former. (Doc. 6 (stating the document should be a criminal filing and not a civil filing "like habeas corpus.")

Accordingly, the Court enters the following:

## ORDER

1. Walker's petition is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment.

2. The Clerk is directed to have the docket reflect that Walker's filing of this action constitutes a strike within the meaning of 28 U.S.C. 1915(g).

DATED this 17th day of May, 2023.

Dana L. Christensen, District Judge
United States District Court